IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| KOY HOLLAND, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 1:13-cv-123 (WLS) |
| | : | |
| GE HEALTHCARE INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

### ORDER

In this products liability case, Plaintiff Koy Holland moves the Court to consolidate the above-captioned case with *Holland v. Bracco Diagnostics*, *Inc.*, No. 1:13-cv-161 (M.D. Ga.), which is also pending before the Court. Holland claims the cases involve common issues of law and fact because both bring identical claims against makers of gadolinium-based contrast agents alleged to have caused the plaintiff Nephrogenic Systemic Fibrosis. Defendant GE Healthcare did not respond to the motion but represented to the Court it does not oppose consolidation. The Court agrees with Holland that the cases should be consolidated.

Federal Rule of Civil Procedure 42(a) allows a district court to consolidate "actions involving a common question of law or fact." Fed. R. Civ. P. 42(a). This rule codifies a district court's "inherent managerial power" to control and marshal the cases on its docket to promote economy of time and effort. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). The Eleventh Circuit has urged district courts "to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1169 (11th Cir.

1

1995) (citation, quotations, and alterations omitted). Before consolidation, a court should weigh the risk of prejudice and confusion against the possibility of inconsistent adjudications and burden on the parties, witnesses, and the court. *Hendrix*, 776 F.2d at 1495.

Holland's pending cases are good candidates for consolidation. First, both actions involve similar, if not the same, facts. The Complaints state that Holland developed Nephrogenic Systemic Fibrosis as a result of receiving injections of the defendants' contrast agents during MRIs. These injections all occurred within a few years of one another, so there is likely to be significant overlap of evidence in each case.

Second, both cases raise identical causes of action and involve the same regulatory and statutory schemes. In particular, Holland has alleged in both cases that the defendant is liable on theories of strict liability, negligence, and fraud, among other claims. She has also cited the same federal standards in each case. To the extent the defendants intend to raise dispositive motions regarding these legal theories, consolidation will help prevent inconsistent adjudications. There is also a good chance a *Daubert* ruling in one case will apply to both cases.

Third, consolidation will reduce delay and inefficiency. Both cases are in the early pretrial stages, so the cases will benefit from the same deadlines and streamlined discovery. Neither of the defendants has objected to possible prejudice. Consolidation will also result in one trial, preventing duplicative evidence and avoidable expense for witnesses and the Parties.

For those reasons, Holland's motion is **GRANTED**. The clerk of the court is hereby directed to consolidate this case with *Holland v. Bracco Diagnostics*, No. 1:13-cv-161 (M.D. Ga.).

**SO ORDERED**, this    27th    day of November, 2013.

                                             /s/ W. Louis Sands   
                                          **W. LOUIS SANDS, JUDGE**
                                          **UNITED STATES DISTRICT COURT**